# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

BWP MEDIA USA INC. d/b/a
PACIFIC COAST NEWS,

                    **Plaintiff,**

v.                                            **Case No:   6:14-cv-120-Orl-22KRS**

A.R. COMMUNICATIONS, LLC,

                    **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

       This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **REQUEST FOR ENTRY OF FINAL DEFAULT JUDGMENT (Doc. No. 21)** |
| **FILED:** | **JUNE 13, 2014** |

## I.    PROCEDURAL HISTORY.

       On January 24, 2014, Plaintiff BWP Media USA d/b/a Pacific Coast News ("BWP"), filed a complaint against Defendant, A.R. Communications, LLC ("A.R. Communications").   Doc. No. 1.   BWP alleged the following causes of action:

Count I          Direct Copyright Infringement;

Count II        Contributory Copyright Infringement;

Count III       Vicarious Copyright Infringement;

Count IV       Inducement of Copyright Infringement;

Count V         Injunction;

Count VI        Attorney Fees and Costs.

*Id.*

A.R. Communications was properly served with the complaint.   *See* Doc. Nos. 9, 19.   On March 12, 2014, A.R. Communications appeared through counsel and requested an enlargement of time to respond to the complaint.   Doc. No. 12.   The motion was granted, and A.R. Communications was directed to respond to the complaint on or before April 14, 2014.   Doc. No. 14.

A.R. Communications did not respond to the complaint on or before April 14, 2014, and it did not request additional time to respond.   On May 14, 2014, at BWP's request, the Clerk of Court entered a default against A.R. Communications.   Doc. Nos. 18, 19, 20.

On June 13, 2014, BWP moved for entry of a default judgment against A.R. Communications, which motion was referred to me on September 16, 2014, for issuance of a Report and Recommendation.   BWP served counsel for A.R. Communications with a copy of the motion.   Doc. No. 21 at 9.   As of the writing of this Report and Recommendation, A.R. Communications has not responded to the motion and the time for doing so has passed. Accordingly, the matter is now ripe for consideration.

## II.        STANDARD OF REVIEW.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry.   *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not *well-pleaded* or to admit conclusions of law.").   Therefore, in considering a motion for default judgment, a court must "examine the sufficiency of plaintiff's allegations to

determine whether the plaintiff is entitled to" a default judgment.   *Fid. & Deposit Co. of Md. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

The Supreme Court has explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.   A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   This analysis applies equally to motions for default judgment.   *See De Lotta v. Dezenzo's Italian Rest., Inc.*, No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, at *5 (M.D. Fla. Nov. 24, 2009).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default.   Rather, the Court determines the amount and character of damages to be awarded."   *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999).   If a default judgment is warranted, the Court may hold a hearing for purposes of assessing damages.   Fed. R. Civ. P. 55(b)(2); *see also SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).   However, a hearing is not necessary if a party submits sufficient evidence to support the request for damages.   *Smyth*, 420 F.3d at 1232 n.13.

## III.    ALLEGATIONS OF THE COMPLAINT.

BWP provides entertainment-related photojournalism goods and services.   It owns the rights to a multitude of photographs featuring celebrities, which it licenses to online and print publications.   BWP has obtained U.S. copyright registrations covering many of its photographs, and others are the subject of pending copyright applications.   Doc. No. 1 ¶ 1.   BWP's photographs are original, creative works.   *Id.* ¶ 11.

Specifically, BWP owns the 16 photographs described in Exhibit 1 to the complaint (the "Photographs"). *Id.* ¶ 14 and pp. 9-14 ("Exhibit 1"). Each Photograph had a fixed URL (Uniform Resource Locator) for a fixed, tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration. *Id.* ¶ 16. BWP holds valid copyright registrations in 14 of the Photographs (the "Registered Photographs"), and it has copyright applications pending as to the other 2 Photographs (the "Unregistered Photographs"). Exhibit 1.

A.R. Communications owns and operates a website known as www.putu.us (the "Website"). *Id.* ¶ 2. The Website contains paid advertisements and/or will sell merchandise to the public, and A.R. Communications profits from that activity. *Id.* ¶ 13. Without permission or authorized from BWP, A.R. Communications copied, modified, and displayed the Photographs on the Website knowingly and in violation of the United States copyright laws. *Id.* ¶¶ 2, 15, 18. A.R. Communications had knowledge of the infringements and the ability to stop the reproduction and display of BWP's Photographs. *Id.* ¶ 28.

Thousands of people have viewed the unlawful copies of the Photographs on the Website. *Id.* ¶ 27. A.R. Communications received a financial benefit directly attributable to the infringements. Specifically, the Websites had increased traffic and, in turn, realize an increase in their advertising revenues and/or merchandise sales. *Id.* ¶ 20.

As a result of A.R. Communications' infringements, BWP has been substantially harmed. *Id.* ¶ 21.

IV.     **ANALYSIS.**

    A.     *Liability.*

To establish copyright infringement, BWP must prove first, that it owns a valid copyright in the Photographs and, second, that A.R. Communications copied original elements of the Photographs.  *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1214 (11th Cir. 2000).

As to ownership, by its default, A.R. Communications admits that the United States Copyright Office has issued BWP registration certificates for the "Registered Photographs," as shown in Exhibit 1.   These copyright registrations are *prima facie* evidence of the validity of the copyrights.   17 U.S.C. § 410(c).

By its default, A.R. Communications also admits that it copied the Registered Photographs and displayed them on the Website.   "Public distribution of a copyrighted work is a right reserved to the copyright owner, and usurpation of that right constitutes infringement."   *Playboy Enter. v. Frena*, 839 F. Supp. 1552, 1556 (M.D. Fla. 1993)(finding public distribution by loading copyrighted photographs onto a subscription computer bulletin board).   This is sufficient to establish that A.R. Communications copied the Registered Photographs.

Therefore, by its default, A.R. Communications is deemed to have admitted that BWP owns a valid copyright in the Registered Photographs and that it copied the Registered Photographs.   Therefore, I recommend that the Court find that A.R. Communications is liable for direct infringement of the Registered Photographs.

As to ownership of the Unregistered Photographs, the Copyright Act provides that "no action for infringement of the copyright in any work shall be instituted until preregistration or registration of the copyright claim has been made in accordance" with Title 17, United States Code.   17 U.S.C. § 411(a).   The United States Court of Appeals for the Eleventh Circuit follows

the "registration approach," which requires a copyright holder to obtain a certificate of registration from the Copyright Office before bringing suit.  *Marc Anthony Builders, Inc. v. Javic Prop., LLC*, No. 8:11-cv-432-17AEP, 2011 WL 2709882, at * 3 (M.D. Fla. July 12, 2011).  "Absent that evidence or allegation [that the allegedly infringed work had been registered], the copyright claim is required to be dismissed without prejudice to filing of an action after the registration is made."  *Burruss v. Zolciak-Biermann*, N. 1:13-cv-789-WSD, 2013 WL 5606667, at * 3 (N.D. Ga. Oct. 11, 2013).  Therefore, the Unregistered Photographs cannot support a claim for copyright infringement.[1]

     B.     Damages.

The Copyright Act permits a plaintiff to elect either actual or statutory damages. 17 U.S.C. § 504.  In support of the request for statutory damages, BWP relies on the Affidavit of Michael Carrillo, a director of BWP.  Doc. No. 21-3.  Mr. Carrillo avers that the collection of photographs that A.R. Communications infringed depicts singer Jennifer Lopez with rapper Pitbull, which photographs were taken on May 5, 2013 and registered with the United States Copyright Office on May 22, 2013 under registration number VA0001865226.  *Id.* at 2.  The Registered Photographs are each registered under Registration Number VA0001865226.  Exhibit 1.  The licensing fee for each of these photographs is $325.00.  Doc. No. 21-3 at 2-3.

BWP elects an award of statutory damages in the amount of $13,650.00, which it contends is three times the licensing fee of $325.00 for the Photographs.  Doc. No. 21 at 4-5.  This amount is actually three times the licensing fee of $325.00 for the Registered Photographs.

---

[1]  In the motion, BWP does not argue that A.R. Communications should also be found liable for contributory or vicarious copyright infringement or inducement of copyright infringement.  Accordingly, I recommend that the Court find that these claims have been abandoned.

Statutory damages must be calculated according to the number of separately copyrightable works infringed, not on the number of infringements.   *Disney Enters., Inc. v. Law*, No. 6:07-cv-1153-Orl-18GJK, 2008 WL 203393, at *4 (M.D. Fla. Jan. 23, 2008).   Courts have discretion to award between $750.00 and $30,000.00 in statutory damages for all infringements of each work.  17 U.S.C. § 504(c).   When the copyright owner sustains the burden of proving that an infringement was committed wilfully, the court may increase the award of statutory damages up to $150,000.00 for each infringement.   *Id.*

"'The employment of the statutory yardstick, within [these] set limits, is committed solely to the court which hears the case . . . .'"   *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 852 (11th Cir. 1990) (quoting *Douglas v. Cunningham*, 294 U.S. 207, 210 (1935)).  In awarding statutory damages, the Court may consider several factors, "including . . . revenues lost by [the] copyright holder as a result of infringement, and [the] infringer's state of mind, whether willful, knowing or innocent."   *Nintendo of Am. v. Ketchum*, 830 F. Supp. 1443, 1445 (M.D. Fla. 1993).   The court may also "take into account the attitude and conduct of the parties," and should consider "the deterrent value of the sanction imposed."   *Cable/Home*, 902 F.2d at 852 (internal quotation omitted).

Having carefully considered the evidence, I recommend that the Court find that BWP's request for $13,650.00 in statutory damages is reasonable.   This figure is at the lower end of the allowable statutory damages.   By virtue of its default, A.R. Communications admits that it had knowledge of the infringements and the ability to stop the reproduction and display of BWP's Photographs.   *Id.* ¶ 28.   Under these circumstances, a penalty that exceeds the amount of the licensing fees avoided by A.R. Communications is appropriate to deter future infringing acts.  *See, e.g.*, *Broadcast Music, Inc. v. Entertainment Complex, Inc.*, 198 F. Supp. 2d 1291, 1296 (N.D.

Ala. 2002)(finding approximately three times the amount of licensing fees that defendants would have owed to plaintiffs a generally appropriate sanction to ensure that the cost of violating the copyright law is substantially greater than the cost of complying with them.).

       C.      *Injunctive Relief.*

The Copyright Act provides for injunctive relief to prevent further infringement of a copyright.   17 U.S.C. § 502(a).   "Injunctive relief is a traditional remedy for copyright infringement, and is especially favored where there is a history of continuing infringement and a substantial threat of continued infringement."   *Sony Music Entm't Inc. v. Global Arts Prod.*, 45 F. Supp. 2d 1345, 1347 (S.D. Fla. 1999).   Injunctive relief may be granted when the moving party shows the following: (1) it has achieved actual success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and, (4) if issued, the injunction would not be adverse to the public interest.   *Broad. Music, Inc. v. S.T. Complex, LLC*, No. 10-CV-80713, 2010 WL 4922992, at *4 (S.D. Fla. Nov. 29, 2010) (citing *Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) (per curiam)).

BWP does not seek entry of an injunction in the motion for default judgment, and it does not address the factors necessary to issue an injunction.   Therefore, I recommend that no injunctive relief be awarded

       D.      *Attorneys' Fees and Costs.*

The Copyright Act authorizes a court to award costs, including attorneys' fees, to BWP as the prevailing party.   17 U.S.C. § 505.   Fees and costs are commonly awarded by courts in copyright infringement default judgment cases.   *Arista Records, Inc. v. Beker Enters.*, 298 F. Supp. 2d 1310, 1316 (S.D. Fla. 2003).

1.      Attorney's Fees – Lodestar Analysis.

When determining if a fee is reasonable, federal courts employ the familiar lodestar approach.   *See Nick-O-Val Music Co. v. P.O.S. Radio, Inc.*, 656 F. Supp. 826 (M.D. Fla. 1987) (awarding fees in copyright case using the lodestar).   Here, BWP seeks recovery of $5,635.00 in attorney's fees.   Doc. No. 21 at 8.   In support of this request, BWP submitted the Declaration of Craig B. Sanders, its counsel of record, and a time sheet.   Doc. Nos. 21-1, 21-2.

Attorney Sanders avers that he received his J.D. degree from the University of Pennsylvania Law School in 1993.   He is the founding partner of Sanders Law, PLLC, which is a law firm that specializes in practice areas including copyright infringement litigation.   Doc. No. 21-1 ¶¶ 17, 22.   Attorney Sanders was admitted to practice in Florida in 1993 and in New York in 1994.   He is also admitted to practice in other states and in various federal courts.   *Id.* ¶¶ 18, 19. Attorney Sanders avers that his billing rate in this case was $525.00 per hour.   *Id.* ¶ 25.

Attorney Sanders avers that Karishma Patel is an associate in his firm.   Attorney Patel received her J.D. Degree from the Northeastern University School of Law in 2010.   She is admitted to practice in New York and Massachusetts and in various federal courts.   *Id.* ¶ 21. Attorney Sanders avers that Attorney Patel's billing rate in this case was $400.00 per hour.   *Id.* ¶ 25.

a.      **Reasonable Hourly Rate.**

A reasonably hourly rate is determined by the prevailing market rate in the relevant community of lawyers of reasonably comparable skills, experience, and reputation.   *See Norman v. Hous. Auth.*, 836 F.2d 1292, 1299 (11th Cir. 1988).   The relevant market in this case is central Florida.   "The applicant bears the burden of producing satisfactory evidence that the requested

rate is in line with prevailing market rates.   Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work."   *Id.* (internal citations omitted).

Attorney Sanders has not presented any evidence of the reasonable hourly rate for lawyers of the skill and experience of himself and Attorney Patel in central Florida.   The Court is aware, however, of reasonable hourly rates of attorneys with similar skill and experience in copyright infringement litigation in this Court.

In *Thompsons Film, LLC v. Velez*, No. 6:13-cv-671-Orl-36TBS, 2014 WL 3721288, at * 8 (M.D. Fla. July 28, 2014), a judge in this Division of the Court recently found $300.00 per hour was reasonable in a copyright infringement case for the work of a partner admitted to practice law in 1989 and that $225.00 per hour was reasonable for the work of an associate in the case in the absence of objection.   I recommend that the Court find that these hourly rates are reasonable for the work of Attorney Sanders and Attorney Patel in this case.   Accordingly, I recommend that the Court find that $300.00 per hour is reasonable for Attorney Sanders work in this case and that $225.00 per hour is reasonable for Attorney Patel's work in this case.

### b.      Reasonable Number of Hours.

Attorney Sanders submitted a time sheet detailing the work performed in this case.   Doc. No. 21-2.   The time sheet reflects that Attorney Sanders worked 10.2 hours and Attorney Patel worked 0.70 hours.   I recommend that the Court find that these hours are reasonable in the absence of objection.

### c.      Lodestar Attorneys' Fees.

Based on the foregoing, I recommend that the Court find that the lodestar attorneys' fee is $3,217.50, calculated as follows:

Reasonable hours worked by Attorney Sanders (10.2) multiplied by a reasonable hourly rate ($300.00) totals $3,060.00.   Reasonable hours worked by Attorney Patel (0.7) multiplied by a reasonable hourly rate ($225.00) totals $157.50.

          2.     Costs.

BWP seeks to recover the $400.00 filing fee and $85.00 in service of process costs, for a total of $485.00 in costs.   Doc. No. 21-1 at 5-6.   Both the filing fee and the service of process costs are taxable costs.   *See* 17 U.S.C. § 505; 28 U.S.C. § 1920.   Therefore, I recommend that the Court find that BWP is entitled to a total of $485.00 in costs.

## V.    RECOMMENDATION.

For the reasons set forth above, I **RESPECTFULLY RECOMMEND** that the Court do the following:

1. **GRANT** in part the Request for Entry of Final Default Judgment (Doc. No. 21);

2. **FIND** that Defendant, A.R. Communications, LLC, is liable for copyright infringement of the Registered Photographs;

3. **DISMISS** Count One as it pertains to the Unregistered Photographs;

4. **DISMISS** the Second, Third, Fourth and Fifth Counts of the complaint;

5. **AWARD** Plaintiff, BWP Media USA, Inc. d/b/a Pacific Coast News, statutory damages in the amount of $13,650.00;

6. **AWARD** Plaintiff, BWP Media USA, Inc. d/b/a Pacific Coast News, attorney's fees in the amount of $3,217.50 and costs in the amount of $485.00;

7.  **DIRECT** the Clerk of Court to issue a Judgment consistent with the Court's ruling on this Report and Recommendation and, thereafter, to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 19, 2014.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy